UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE UNITED STATES OF AMERICA                                                                Plaintiff

v.                                                                               Criminal Action No. 3:19-CR-124

BRIAN LEASOR                                                                                  Defendant

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States' Notice of Intent to Introduce Other Act Evidence [DE 26]. Leasor responded. [DE 27]. This matter is now ripe. For the reasons below, the Court **GRANTS** the United States' Notice.

### I.     BACKGROUND

In 2005, Leasor pleaded guilty to one count of receiving child pornography. [DE 26 at 60]. The court sentenced him to seventy months in prison followed by ten years on supervised release. *Id.* In 2010, Leasor completed his prison sentence and began supervised release. *Id.* As a condition of his supervised released, "he was enrolled in a monitoring program for his cellular telephone with monitoring services provded (sic) through RemoteCOM." *Id.*

In 2018, Leasor's "Internet history and computer search terms were reviewed through the monitoring company. His then supervising United States Probation Officer (USPO), Victor Hack, conducted a follow-up review" and learned that Leasor had searched the Internet using pornographic words and phrases. *Id.* After Hack's review, USPOs searched Leasor's residence and recovered several electronic devices. *Id.* One of these electronic devices, a RCA tablet, was forensically examined by a law enforcement officer who determined that the tablet had been used to visit child pornography websites. *Id.* at 61.

1

In July 2019, a federal grand jury indicted Leasor of one count of attempted receipt of child pornography and one count of accessing with intent to view child pornography. [DE 1].

## II.   DISCUSSION

The United States moves the Court to allow it to introduce evidence of the "prior conviction" and "the fact of Leasor's term of Supervised Release, including digital device remote monitoring." [DE 26 at 61]. The United States asserts that the proposed evidence is admissible under Fed. R. Evid. 414 and as *res gestae*. *Id.* at 57. Leasor objects, arguing that admission of the proposed evidence violates Fed. R. Evid. 403. [DE 27 at 97].

**A.   Leasor's Prior Conviction**

The United States seeks to introduce evidence of the prior conviction to show "Leasor's motive, knowledge, intent, preparation, plan, and absence of mistake or lack of accident regarding the attempted receipt of, and accessing with the intent to view child pornography." [DE 26 at 63]. The United States argues that "Leasor's sexual interest in children as evidenced by the prior conviction has a direct bearing on whether he knowingly attempted to receive child pornography and accessed with the intent to view child pornography." *Id.*

Leasor objects, arguing that the proposed evidence "serves to cast the defendant in a disparaging light. Any arguable relevance is outweighed by the substantial prejudice to the defendant. Having to essentially defend allegations of additional bad acts can only prejudice the defendant in the eyes of the jury. No curative instruction or the like can remedy this problem." [DE 27 at 98].

Fed. R. Evid. 414(a) provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." "The

standard for relevancy is extremely liberal: evidence is relevant 'if it has any tendency to make a fact more or less probable than it would be without the evidence.'" *United States v. Deuman*, 568 F. App'x 414, 420 (6th Cir. 2014) (quoting Fed. R. Evid. 401). "Rule 414 itself was a strong legislative judgment that evidence of prior sexual offenses have probative value and should ordinarily be admissible." *Id.* (internal quotation marks and citation omitted). But, "[e]vidence of similar crimes of child molestation, admissible under Rule 414, is subject to Rule 403 analysis, which balances the probative value of relevant evidence against potential unfair prejudice, confusion of the issues, and misleading of the jury." *United States v. Cox*, 871 F.3d 479, 486 (6th Cir. 2017) (citing Fed. R. Evid. 403).

The first step in the Court's analysis is to determine whether the prior conviction and the current charges constitute "child molestation." "Child molestation" means, among other things, "a crime under federal law or under state law involving . . . any conduct prohibited by 18 U.S.C. chapter 110." Fed. R. Evid. 414 (d)(2)(B). Leasor's prior conviction and current charges are conduct prohibited by 18 U.S.C. chapter 110. *See* 18 U.S.C. § 2252A. As a result, they constitute "child molestation." *See United States v. Seymour*, 468 F.3d 378, 385 (6th Cir. 2006) ("Child molestation includes . . . offenses involving child pornography").

Next, the Court must determine whether the proposed evidence is relevant by considering "the closeness in time between the acts, the similarity between the act in question and the prior act, and the necessity of the evidence to the government's case." *United States v. Libbey-Tipton*, 948 F.3d 694, 701 (6th Cir. 2020). Leasor pleaded guilty to receiving child pornography and is charged with attempted receipt of child pornography and accessing with intent to view child pornography. Thirteen years separates his prior conviction from his alleged conduct in this case. But because the prior conviction and current charges reflect substantially similar conduct, the

passage of time has not depreciated the probative value of the prior conviction. *See United States v. Underwood*, 859 F.3d 386, 393 (6th Cir. 2017) (citing *United States v. Gabe*, 237 F.3d 954, 959–60 (8th Cir. 2001) (twenty-year-old child molestation evidence admissible under Fed. R. Evid. 414); *United States v. Mercer*, 653 F. App'x 622, 628 (10th Cir. 2016) (quoting 140 Cong. Rec. S12990–01 ("[E]vidence of other sex offenses . . . is often probative and properly admitted, notwithstanding substantial lapses of time in relation to the charged offense or offenses") (internal quotation marks omitted). Furthermore, this highly probative evidence is necessary to the United States' case because it shows Leasor's knowledge and intent, essential elements of the charged offenses. *See United States v. Wolfe*, 430 F. Supp. 3d 243, 249 (2020) ("Evidence of Wolfe's prior conviction will be central to the United States' case to prove that Wolfe acted with the requisite *mens rea*").[1]

Lastly, the Court must determine whether the probative value of the prior conviction is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403; *Libbey-Tipton*, 948 F.3d at 704 ("Once a court determines that the evidence has probative value, it must find that the value is not substantially outweighed by a danger of *unfair* prejudice. Inflammatory details that have little probative value would be considered unfairly prejudicial—as opposed to simply prejudicial") (emphasis in original). The Court recognizes that evidence about the prior

---

[1] *United States v. Wolfe* is on point. In *Wolfe*, the United States argued that evidence of the defendant's "past conviction for possession of child pornography will demonstrate his sexual interest in children and that he therefore *knowingly* committed the now accused acts" of attempted receipt of child pornography and accessing with intent to view child pornography. *Id.* at 247 (emphasis in original). Admitting evidence of the prior conviction under Fed. R. Evid. 414, the *Wolfe* court found, as this Court does, that the defendant's "state of mind is certainly of consequence in the present action, and his former conviction for possession of child pornography does make it more probable that he knowingly accessed child pornography at the times relevant to this case." *Id.*

conviction is prejudicial.[2] This evidence nearly always is. *See United States v. Sanchez*, 440 F. App'x 436, 439 (6th Cir. 2011). Mere prejudice, however, does not merit exclusion, especially when the "charged conduct and the prior Rule 414 conduct" are "sufficiently similar." *Underwood*, 859 F.3d at 393 (6th Cir. 2017) (citing *Sanchez*, 440 F. App'x at 438-440) (holding that when "the charged conduct and the prior Rule 414 conduct are 'sufficiently similar,' the prejudicial effect of such evidence is outweighed by its probative value"). Leasor's "charged conduct" and "prior Rule 414 conduct" are not just "sufficiently similar," they are nearly identical.[3] This alone supports a finding that the prejudicial effect of his prior conviction is outweighed by its probative value. In addition, the proposed evidence is not unduly prejudicial because the evidence of the prior conviction is not more "lurid and . . . more interesting than the evidence surrounding the actual charges" and therefore there is a negligible risk that the jury will "pay undue attention to proof" of it. *United States v. Hough*, 385 F. App'x 535, 537 (6th Cir. 2010) (internal quotation marks and citation omitted). Finally, admission of evidence about Leasor's prior conviction will not require a potentially inflammatory and confusing "mini-trial." *Id.* Leasor does not contest the fact of his prior conviction, and Leasor's counsel represents that, based on his conversations with the United States, it is his understanding that "the United States is not currently seeking to introduce the underlying facts of the defendant's prior convictions, absent the defendant opening the door to said information." [DE 27 at 97].

---

[2] To reduce the potential prejudicial impact of this evidence, the Court can give the jury a limiting instruction. *See United States v. Kniffley*, 729 F. App'x 406, 415 (6th Cir.) ("[T]he district court's strong limiting instruction mitigated the unfair prejudice" of the Fed. R. Evid. 414 evidence).

[3] Leasor acknowledges that his prior conviction and current charges reflect "very similar" conduct: "The proffered evidence in this case would allow the jury to know that Mr. Leasor was on supervised release for having committed a very similar offense." [DE 27 at 98].

As a result, the Court finds that evidence of Leasor's prior conviction in the Western District of Kentucky, 3:05CR-003, for receiving child pornography is admissible under Fed. R. Evid. 414 and "may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a)

### B. Supervised Release and Digital Device Monitoring

The United States argues that Leasor's "status on Supervised Release [is] *res gestae* of the current charges. The evidence is necessary to complete the story, namely, to explain why a United States Probation Officer was monitoring Leasor's online activity through the use of monitoring software and visiting his home to search for digital devices." [DE 26 at 70].

Leasor objects: "The proffered evidence in this case would allow the jury to know that Mr. Leasor was on supervised release . . . and that probation was actively monitoring his electronic devices . . . It would be impossible for any juror to hear that evidence and then continue to presume Mr. Leasor innocent throughout the remainder of the trial." [DE 27 at 98-99].

"Background or *res gestae* evidence is an exception to Rule 404(b)." *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (citing *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012)). "*Res gestae* is sometimes also known as 'intrinsic evidence.' 'Intrinsic acts are those that are inextricably intertwined with the criminal act charged or a part of the criminal activity as opposed to extrinsic acts, which are those that occurred at different times and under different circumstances from the offense charged.'" *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015), *reh'g denied* (Oct. 23, 2015) (quoting *United States v. Stafford*, 198 F.3d 248, at *4 (6th Cir. 1999)). "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *United*

*States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Id.*

Here, the Court finds that evidence about Leasor's status on supervised release, including the condition of monitoring, is *res gestae* to the charged offense and is not substantially more prejudicial than probative.[4] This evidence is a "prelude" to the charged offenses. Law enforcement began investigating Leasor because RemoteCOM reported that he had performed several Internet searches using pornographic words and phrases. [DE 26 at 60]. Based on this information, law enforcement officers searched his house, recovered electronic devices, and discovered that Leasor had allegedy viewed and attempted to receive child pornography. *Id.*; *See United States v. Baker*, No. 1:17-CR-438, 2019 WL 969521, at *4 (N.D. Ohio Feb. 28, 2019) (finding that evidence about an anonymous tip was *res gestae* because "[i]f there is no tip, there is likely no police investigation of Defendant. The tip then is a prelude to the charged offense. Further, the tip starts the story as to why the authorities were investigating Defendant").

These events are also temporally and spatially connected. But-for his status on supervised release, law enforcement would not have discovered that he was searching the Internet using pornographic words and phrases. If this evidence is excluded, the United States' story of the charged offenses would begin—in the middle of the action—with a law enforcement officer forensically examining Leasor's electronic devices. With no context, the jury would not know how the officer seized the devices or why he was forensically examining them. *United*

---

[4] Rule 403 does not bar introduction of this evidence. This evidence is highly probative of the charged offenses because it provides essential information about law enforcement's investigation, including why it began and how it was conducted. As for potential prejudice, the Court has already found that Leasor will not be unduly prejudiced by the admission of evidence about his prior conviction. He likewise will not be unduly prejudiced by evidence about a consequence of it. *See Wolfe*, 430 F. Supp. 3d at 250 ("Since Wolfe's prior conviction is admissible, it is unclear what additional harm, if any, he would suffer by informing the jury about the terms of his supervised release following that conviction and imprisonment").

*States v. Gibbs*, 797 F.3d 416, 424 (6th Cir. 2015) ("The purpose of background evidence is to put charges in the appropriate context. It would be exceedingly difficult for witnesses to relay a story without referencing preceding or contemporaneous acts that are incidental but necessary to telling a cogent story, as it relates to the charges the defendant is facing").

As a result, the Court will allow the United States to introduce evidence about Leasor's status on supervised release to "explain why a United States Probation Officer was monitoring Leasor's online activity through the use of monitoring software and visiting his home to search for digital devices." [DE 26 at 70].

### III.   CONCLUSION

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

(1) The United States Notice [DE 26] is **GRANTED**.